Day, J.
The only question raised on this record is as to the sufficiency of the petition: Are sufficient facts stated to entitle the board of county commissioners to recover against the defendants below? The whole contention of plaintiff in error rests on the assumption that the board of commissioners was without power to make the contract which forms the basis of the action. It is urged, that the board of commissioners is without authority and cannot take action, legally, to vacate or dispose of any part of a public-highway, in the absence of the initial steps provided by the statute; that no such steps were taken in this case,'and hence, that the agreement to surrender a part of the public road to the railway company for its uses was unlawful, the board without right or power to act in the matter, and its contract absolutely void. This claim, we think, would have-to be allowed, if the transaction in question was, alone, a proposition to locate and establish a road, or, to vacate some part of a public road; but such was not the proposition. The proposition was not in any sense, to vacate a public road and to locate and establish a new one. The public road is not, and was not to be vacated and a new one opened, under the contract between the railway company and the board of commissioners. The words used in designating what the board was to do was, “surrender a portion of the public road for the use of the railway company in constructing its road and road crossing.” “Surrender” does not mean, in any sense, to vacate, or locate. In this, and in every connection, the word surrender only means to yield to,” “to cease to resist the efforts of another;” and the word including the entire contract in this instance, must be interpreted in the light of the legal right of the railway company to occupy and cross a public highway; and the fact that the company was making an effort to occupy, as a crossing, this identical part of the public road. *245 Interpreted in this light then, the transaction and agreement in its entirety, was simply-and only a proposition to divert — to turn aside slightly, from its former location at one point, a continuous highway for the mutual welfare and benefit of the public and the railway company. And for this, it is believed, there is found special warrant.in the statutes. In sec. 3283, Rev. Stat., it is provided:
“If it be necessary,in the location of any part of a railroad, to occupy any public road, street, alley, etc., or any part thereof, the officers having charge thereof, and the company, may agree upon the manner, terms and conditions upon which the same may be used or occupied.’’
Further,provision of the section is: “If no agreement can be had, the railway company has a right of eminent domain,and may appropriate the same,as provided by law. ’’The following sec. 3284, provides: “A railway company may, when it is necessary in the building of its road,- to cross a road or a stream, divert the same from its location;’’ the only requirement being, that it “must, without unnecessary delay, place the road or stream in such condition as not to impair its former usefulness.’’
We think the provisions of secs. 3283 and 3284, Rev. Stat., contain ample authority for the board of commissioners of a county, to not only surrender — that is, yield to the efforts of a railway company to occupy some portion of a public highway; but also to make a contract stipulating and fixing the manner and terms of occupancy, and requiring the company to put the public road, as diverted, “in such condition as not to impair its former usefulness;’’ And so we reach the conclusion in this case, that the board of commissioners of Putnam county, in making the contract it did make, and in exacting the security for the faithful performance of the-contract it did, was clothed with ample power, and was in no sense acting without lawful authority. The contract it secured was fairly made,and was valid,and there *246 was no error in its enforcement by the common pleas court.
W. H. Leete, W. B. Richie, Watts & Moore, for Plaintiff in Error.
. Jas. P. Leasure, Prosecuting Attorney, for the Commissioners.
The judgment is affirmed.